**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DUANE SUDLER | : | |
| 9514 Cowden Street | : | CIVIL ACTION |
| Philadelphia, PA 19115 | : | |
| | : | No.: |
| Plaintiff, | : | |
| | : | JURY TRIAL DEMANDED |
| vs. | : | |
| | : | |
| BENSALEM TOWNSHIP | : | |
| Bensalem Township Municipal Building | : | |
| 2400 Byberry Road | : | |
| Bensalem, PA 19020 | : | |
|     and | : | |
| BENSALEM TOWNSHIP POLICE | : | |
| DEPARTMENT | : | |
| Bensalem Township Municipal Building | : | |
| 2400 Byberry Road | : | |
| Bensalem, PA 19020 | : | |
|     and | : | |
| DIRECTOR FREDERICK HARRAN, | : | |
| INDIVIDUALLY AND IN HIS | : | |
| OFFICIAL CAPACITY | : | |
| c/o Bensalem Township Police Department | : | |
| Bensalem Township Municipal Building | : | |
| 2400 Byberry Road | : | |
| Bensalem, PA 19020 | : | |
|     and | : | |
| DEPUTY DIRECTOR PAT PONTICELLI, | : | |
| INDIVIDUALLY AND IN HIS | : | |
| OFFICIAL CAPACITY | : | |
| c/o Bensalem Township Police Department | : | |
| Bensalem Township Municipal Building | : | |
| 2400 Byberry Road | : | |
| Bensalem, PA 19020 | : | |
|     and | : | |
| LIEUTENANT T.J. CAMPELLONE, | : | |
| INDIVIDUALLY AND IN HIS | : | |
| OFFICIAL CAPACITY | : | |
| c/o Bensalem Township Police Department | : | |
| Bensalem Township Municipal Building | : | |
| 2400 Byberry Road | : | |
| Bensalem, PA 19020 | : | |
| | : | |

   and           :
OFFICER BRIAN CELAURO,    :
INDIVIDUALLY AND IN HIS   :
OFFICIAL CAPACITY     :
c/o Bensalem Township Police Department :
Bensalem Township Municipal Building  :
2400 Byberry Road      :
Bensalem, PA 19020     :
   and           :
SERGEANT JOSEPH BLICKLEY,  :
INDIVIDUALLY AND IN HIS   :
OFFICIAL CAPACITY     :
c/o Bensalem Township Police Department :
Bensalem Township Municipal Building  :
2400 Byberry Road      :
Bensalem, PA 19020     :
   and           :
OFFICER AARON WOELKERS,   :
INDIVIDUALLY AND IN HIS   :
OFFICIAL CAPACITY     :
c/o Bensalem Township Police Department :
Bensalem Township Municipal Building  :
2400 Byberry Road      :
Bensalem, PA 19020     :
   and           :
JOHN DOE-1,       :
c/o Bensalem Township Police Department :
Bensalem Township Municipal Building  :
2400 Byberry Road      :
Bensalem, PA 19020     :
   and           :
JOHN DOE-2,       :
c/o Bensalem Township Police Department :
Bensalem Township Municipal Building  :
2400 Byberry Road      :
Bensalem, PA 19020     :
   and           :
JOHN DOE- 3,       :
c/o Bensalem Township Police Department :
Bensalem Township Municipal Building  :
2400 Byberry Road      :
Bensalem, PA 19020     :
   and           :
JOHN DOE-4,       :
c/o Bensalem Township Police Department :
Bensalem Township Municipal Building  :

2400 Byberry Road                                          :
Bensalem, PA 19020                                        :
     and                          :
JOHN DOE-5,                                               :
c/o Bensalem Township Police Department                  :
Bensalem Township Municipal Building                     :
2400 Byberry Road                                        :
Bensalem, PA 19020                                       :
     and                          :
JOHN DOE-6,                                               :
c/o Bensalem Township Police Department                  :
Bensalem Township Municipal Building                     :
2400 Byberry Road                                        :
Bensalem, PA 19020                                       :
     and                          :
JOHN DOE-7,                                               :
c/o Bensalem Township Police Department                  :
Bensalem Township Municipal Building                     :
2400 Byberry Road                                        :
Bensalem, PA 19020                                       :
     and                          :
JOHN DOE-8,                                               :
c/o Bensalem Township Police Department                  :
Bensalem Township Municipal Building                     :
2400 Byberry Road                                        :
Bensalem, PA 19020                                       :
     and                          :
JOHN DOE-9,                                               :
c/o Bensalem Township Police Department                  :
Bensalem Township Municipal Building                     :
2400 Byberry Road                                        :
Bensalem, PA 19020                                       :
     and                          :
JOHN DOE-10,                                              :
c/o Bensalem Township Police Department                  :
Bensalem Township Municipal Building                     :
2400 Byberry Road                                        :
Bensalem, PA 19020                                       :
              :
     Defendants.                  :
              :

## PLAINTIFF'S CIVIL ACTION COMPLAINT

## NATURE OF THE COMPLAINT

1.      This is an action seeking to redress wrongs committed against Plaintiff in violation of rights guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution, and are actionable against such Defendants pursuant to the Civil Rights Act of 1871, as amended, 42 U.S.C. Section 1983, as well as pursuant to the Pennsylvania Constitution and other state laws.  The actions taken against Plaintiff have resulted in severe physical and emotional injury, monetary damage, and distress, requiring him to seek medical care, and also causing injuries including, but not limited to, humiliation, anxiety and other physical ailments and emotional damages.  Defendants' conduct is so egregious and outrageous and intentional, that Plaintiff seeks punitive damages.

### JURISDICTION

2.      This Court retains jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331, 1343, and also retains supplemental jurisdiction over state law claims pursuant to 28 U.S.C. Sec. 1367.

### PARTIES

3.      Plaintiff, Duane Sudler, is an individual residing at 9514 Cowden Street, Philadelphia, Pennsylvania 19115.

4.      Defendant Bensalem Township is a Municipal Corporation, organized and existing under the laws of the Commonwealth of Pennsylvania, whose address for the purpose of service is 2400 Byberry Road Bensalem, Pennsylvania 19020.  Defendant Bensalem Township owns, operates and controls the Bensalem Township Police Department.

5.     Defendant Bensalem Township Police Department is a municipal police organization, organized and existing under the laws of the Commonwealth of Pennsylvania, whose address for the purpose of service 2400 Byberry Road Bensalem, Pennsylvania 19020.

6.     Defendant Director Frederick Harran, individually and in his official capacity, hereinafter referred to as 'Defendant Harran', is the Director of Public Safety for Bensalem Township and was in the employment of Defendant Bensalem Township and Defendant Bensalem Township Police Department at all times material hereto.

7.     Defendant Deputy Director Pat Ponticelli, individually and in his official capacity, hereinafter referred to as 'Defendant Ponticelli', is the Deputy Director of Public Safety for Bensalem Township and was in the employment of Defendant Bensalem Township and Defendant Bensalem Township Police Department at all times material hereto.

8.     Defendant Lieutenant T.J. Campellone, individually and in his official capacity, hereinafter referred to as 'Defendant Campellone', is the Patrol Lieutenant for the Bensalem Township Police Department and was in the employment of Defendant Bensalem Township and Defendant Bensalem Township Police Department at all times material hereto.

9.     Defendant Officer Brian Celauro, individually and in his official capacity, hereinafter referred to as 'Defendant Celauro', is a Bensalem Township Police Officer and was in the employment of Defendant Bensalem Township and Defendant Bensalem Township Police Department at all times material hereto.

10.     Defendant Sergeant Joseph Blickley, individually and in his official capacity, hereinafter referred to as 'Defendant Blickley', is a Sergeant with the Bensalem Township Police Department and was in the employment of Defendant Bensalem Township and Defendant Bensalem Township Police Department at all times material hereto.

11.     Defendant Officer Aaron Woelkers, individually and in his official capacity, hereinafter referred to as 'Defendant Woelkers', is a Bensalem Township Police Officer and was in the employment of Defendant Bensalem Township and Defendant Bensalem Township Police Department at all times material hereto.

12.     Defendant John Doe-1 is a Bensalem Township Police Officer, who at all times material hereto was in the employment of Defendant Bensalem Township and Defendant Bensalem Township Police Department at all times material hereto.

13.     Defendant John Doe-2 is a Bensalem Township Police Officer, who at all times material hereto was in the employment of Defendant Bensalem Township and Defendant Bensalem Township Police Department at all times material hereto.

14.     Defendant John Doe-3 is a Bensalem Township Police Officer, who at all times material hereto was in the employment of Defendant Bensalem Township and Defendant Bensalem Township Police Department at all times material hereto.

15.     Defendant John Doe-4 is a Bensalem Township Police Officer, who at all times material hereto was in the employment of Defendant Bensalem Township and Defendant Bensalem Township Police Department at all times material hereto.

16.     Defendant John Doe-5 is a Bensalem Township Police Officer, who at all times material hereto was in the employment of Defendant Bensalem Township and Defendant Bensalem Township Police Department at all times material hereto.

17.     Defendant John Doe-6 is a Bensalem Township Police Officer, who at all times material hereto was in the employment of Defendant Bensalem Township and Defendant Bensalem Township Police Department at all times material hereto.

18.     Defendant John Doe-7 is a Bensalem Township Police Officer, who at all times material hereto was in the employment of Defendant Bensalem Township and Defendant Bensalem Township Police Department at all times material hereto.

19.     Defendant John Doe-8 is a Bensalem Township Police Officer, who at all times material hereto was in the employment of Defendant Bensalem Township and Defendant Bensalem Township Police Department at all times material hereto.

20.     Defendant John Doe-9 is a Bensalem Township Police Officer, who at all times material hereto was in the employment of Defendant Bensalem Township and Defendant Bensalem Township Police Department at all times material hereto.

21.     Defendant John Doe-10 is a Bensalem Township Police Officer, who at all times material hereto was in the employment of Defendant Bensalem Township and Defendant Bensalem Township Police Department at all times material hereto.

22.     Defendants John Doe-1, John Doe-2, John Doe-3, John Doe-4, John Doe-5, John Doe-6, John Doe-7, John Doe-8, John Doe-9 and John Doe-10 are collectively referred to herein as 'Defendant Bensalem John Does.'

23.     At all times material hereto, Defendants Bensalem Township, Bensalem Township Police Department, Defendant Harran, Defendant Ponticelli, and Defendant Campellone acted by and through their duty authorized agents, servants, workmen, contractors, officers and/or employees, who were acting within the course and scope of their employment and authority, at the direction of Defendants Bensalem Township, Bensalem Township Police Department, Defendant Harran, Defendant Ponticelli, and Defendant Campellone and at all times material hereto were acting in concert with all other Defendants.

24.     At all times material hereto, Defendant Bensalem John Does were individuals pursuant to 42 U.S.C. Section 1983, 42 U.S.C. Section 1985, and 42 U.S.C. Section 1986 and acted in their individual and/or official capacity.

25.     At all times material hereto, Defendants Harran, Ponticelli, Campellone, Celauro, Blickley and Woelker were individuals pursuant to 42 U.S.C. Section 1983, 42 U.S.C. Section 1985, and 42 U.S.C. Section 1986 and acted in their individual and/or official capacity.

26.     At all times material and relevant hereto, All Defendants acted in concert and conspiracy with each other to improperly and/or falsely arrest, assault and batter, search, imprison, conspire to falsely accuse, invade the privacy of Plaintiff, and otherwise deprive Plaintiff of rights guaranteed by the laws and Constitution of the Commonwealth of Pennsylvania and the U.S. Constitution while acting within the course and scope of their agency, servitude and/or employment.

27.     At all times material hereto, All Defendants were acting under the color of state law.

## FACTUAL ALLEGATIONS

28.     On March 24, 2011 at approximately 9:55 a.m., Plaintiff was operating a red 1999 Saturn sedan and traveling westbound on Street Road in Bensalem Township.

29.     On that same date and time, Defendant Celauro was operating a Bensalem Township police patrol vehicle and traveling westbound on Street Road in Bensalem Township behind Plaintiff.

30.     Defendant Celauro entered Plaintiff's license plate into the NCIC system and believed Plaintiff's vehicle to be stolen.

31.     Defendant Celauro contacted Defendant Bensalem Township Police Department and requested that Defendant Bensalem Township Police Department send additional police officers, including Defendant Blickley, Defendant Woelkers, and Defendant Bensalem John Does, to assist in the traffic stop of Plaintiff.

32.     Defendants Celauro, Blickley, Woelkers, and Bensalem John Does activated the lights and sirens of their Bensalem Township Police Department patrol vehicles while travelling behind Plaintiff westbound on Street Road in Bensalem Township.

33.     In response to the lights and sirens of the Bensalem Township Police Department patrol vehicles operated by Defendants Celauro, Blickley, Woelkers, and Bensalem John Does, Plaintiff stopped his vehicle at or near the intersection of Street Road and Mechanicsville Road in Bensalem Township, activated his four way flashers, and lowered his driver's side window.

34.      Plaintiff was ordered to exit his vehicle by Defendants Celaruo, Blickley, Woelkers, and Bensalem John Does.

35.     Plaintiff was then surrounded by eight (8) Bensalem Township Police Department vehicles operated by Defendants Celaruo, Blickley, Woelkers, and Bensalem John Does.

36.     Defendants Celaruo, Blickley, Woelkers, and Bensalem John Does had their service weapons, which were issued to them by Defendant Bensalem Township and Defendant Bensalem Township Police Department, drawn and aimed at Plaintiff.  Upon information and belief, at least one of the aforementioned weapons was an automatic assault rifle.

37.     Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli, and Campellone, by and through Defendants Celauro, Blickley, Woelkers, and Bensalem John Does, had a K-9 unit dog on the scene and standing in the street near Plaintiff.

38.     Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli, and Campellone, by and through Defendants Celauro, Blickley, Woelkers, and Bensalem John Does, stopped all traffic traveling both eastbound and westbound on Street Road in Bensalem Township.

39.     Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli, and Campellone, by and through Defendants Celauro, Blickley, Woelkers, and Bensalem John Does, threw Plaintiff face down on the surface of Street Road in Bensalem Township and intentionally placed handcuffs on Plaintiff in an improper manner, resulting in serious and permanent injury to Plaintiff as described more fully below.

40.     Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli, and Campellone, by and through Defendants Celauro, Blickley, Woelkers, and Bensalem John Does, then searched Plaintiff's person and placed him in the back seat of a Bensalem Township Police Department police patrol vehicle.

41.     Plaintiff advised Defendant Celauro that he was the registered owner of the red Saturn, and after retrieving the registration information and identification number from within the vehicle, Defendant Celauro confirmed that Plaintiff was the legal owner of the vehicle.

42.     Despite confirming that Plaintiff was the legal owner of the vehicle in question, Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli, and Campellone, by and through Defendants Celauro, Blickley, Woelkers, and Bensalem John Does, took Plaintiff into custody and transported him to the Bensalem Township Police Station.

43.     After the Plaintiff was taken into the Bensalem Township Police Station, Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli, and Campellone, by and through Defendants Celauro, Blickley, Woelkers, and Bensalem John Does

intentionally handcuffed Plaintiff's right arm to a bench in an improper and overly forceful manner, then left Plaintiff handcuffed to said bench in excess of two hours. This intentional misuse of handcuffs upon Plaintiff constituted excessive use of force and resulted in serious and permanent injury to Plaintiff as described more fully below.

44.     Plaintiff, Duane Sudler, believes and therefore avers that Defendants Celauro, Blickley, Woelkers, and Bensalem John Does encouraged and stood idly by while the Plaintiff was improperly handcuffed to the bench, which deprived the Plaintiff of his constitutional rights and privileges under the Constitution of the United States and laws of the United States.

45.     Despite detaining Plaintiff in excess of two hours, Plaintiff was never formally charged by Defendants with any crime and was subsequently transported back to his vehicle where he was released.

46.     As a result of the intentional actions of All Defendants, Plaintiff Duane Sudler has suffered injuries which are serious and permanent in nature, including but not limited to: severe injuries to his right hand resulting in permanent nerve damage and loss of functioning; and other injuries, all or some of which may be known or may still be discovered and all or some of which are or may be permanent in nature.

47.     As a result of these serious injuries, Mr. Sudler was treated at the Frankford Torresdale Hospital for his hand injury.

48.     As a result of the intentional actions of All Defendants, Plaintiff Duane Sudler has been forced to expend and will continue to expend, large sums of money to care for his injuries, which expenses will continue indefinitely into the future.

49.     As a result of the intentional actions of All Defendants, Plaintiff Duane Sudler has suffered a severe loss of his earnings and impairment of his earning capacity and power, all of which may continue indefinitely into the future.

50.     As a result of the intentional actions of All Defendants, Plaintiff Duane Sudler has suffered permanent nerve damage.

51.     As a result of the intentional actions of All Defendants, Plaintiff Duane Sudler has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

52.     As a result of the intentional actions of All Defendants, Plaintiff Duane Sudler has suffered a diminution in his ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

53.     As described herein, Defendants' acts or omissions were in willful, malicious wanton, reckless and/or callous disregard of Plaintiff's  rights, thereby entitling Plaintiff to punitive damages.

## COUNT I

### VIOLATION OF 42 U.S.C.A. SECTION 1983, U.S. CONSTITUTION - THE FOURTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION EXCESSIVE FORCE

**Plaintiff Duane Sudler v. Defendants Celauro, Blickley, Woelkers, And/Or Bensalem John Does, Individually And In Their Official Capacity**

54.     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as though the same were fully set forth at length herein.

55.     At all times material hereto, Plaintiff possessed a liberty interest to be free from unreasonable seizure, including but not limited to the right to be free from extreme, unwarranted, and unnecessary use of excessive force, including but not limited to the improper and intentional

misuse of handcuffs constituting excessive force.  As a result of the actions taken against

Plaintiff by Defendants Celauro, Blickley, Woelkers, and/or Defendants Bensalem John Does,

Plaintiff's rights pursuant to the Fourth Amendment to the United States Constitution, as secured

by 42 U.S.C., Section 1983, were violated.

56.     At all times material hereto, Plaintiff possessed a liberty interest in his bodily

integrity which was, and is, protected by the Fourteenth Amendment to the Constitution of the

United States, including but not limited to the right to be free from extreme, unwarranted, and

unnecessary use of excessive force, including but not limited to the improper and intentional

misuse of handcuffs constituting excessive force.  As a result of the actions taken against

Plaintiff by Defendants Celauro, Blickley, Woelkers, and/or Defendants Bensalem John Does,

Plaintiff's rights pursuant to the Fourteenth Amendment to the United States Constitution, as

secured by 42 U.S.C. Section 1983, were violated.

57.     At all times material hereto, the actions of Defendants Celauro, Blickley,

Woelkers, and/or Defendant Bensalem John Does, as above-described, constituted a willful

disregard and/or reckless indifference to the safety of Plaintiff, and Defendants Celauro,

Blickley, Woelkers, and/or Defendants Bensalem John Does intentionally conspired to

maliciously, vengefully, and with bias violate Plaintiff's constitutional rights, by taking a course

of conduct that included, but was not limited to, the following:

a.     the improper and intentional misuse of handcuffs constituting the utilization of
       excessive force;

b.     improper documentation and reporting with regard to the use of excessive force;

c.     covering-up or attempting to hide and/or seclude the fact that excessive force was
       used upon an individual;

d.      the use of force upon an individual who was not an immediate threat;

e.      utilizing excessive force through malice;

f.      utilizing unwise, excessive zeal, constituting an abuse of official power.

g.      failing to abide by proper training with regard to the use of force;

58.      As a result of the intentional actions of Defendants Celauro, Blickley, Woelkers, and/or Defendants Bensalem John Does, Plaintiff has been forced to expend and will continue to expend, large sums of money to care for his injuries, which expenses will continue indefinitely into the future.

59.      As a result of the intentional actions of Defendants Celauro, Blickley, Woelkers, and/or Defendants Bensalem John Does, the Plaintiff has suffered a severe loss of his earnings and impairment of his earning capacity and power, all of which may continue indefinitely into the future.

60.      As a result of the intentional actions of Defendants Celauro, Blickley, Woelkers, and/or Defendants Bensalem John Does, the Plaintiff has suffered permanent nerve damage.

61.      As a result of the intentional actions of Defendants Celauro, Blickley, Woelkers, and/or Defendants Bensalem John Does, the Plaintiff has suffered severe physical pain and trauma, mental upset and anguish and humiliation, and may continue to suffer the same for an indefinite time into the future.

62.      As a result of the intentional actions of Defendants Celauro, Blickley, Woelkers, and/or Defendants Bensalem John Does, the Plaintiff has suffered a diminution in his ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

63.      As described herein, Defendants' acts or omissions were in willful, malicious

wanton, reckless and/or callous disregard of Plaintiff's  rights, thereby entitling Plaintiff to

punitive damages.

## COUNT II

### VIOLATION OF 42 U.S.C.A. SECTION 1983, U.S. CONSTITUTION - THE FOURTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION BYSTANDER LIABILITY

**Plaintiff Duane Sudler v. Defendants Celauro, Blickley, Woelkers, And/Or Bensalem John Does, Individually And In Their Official Capacity**

64.     Plaintiff hereby incorporates by reference the preceding paragraphs of this

Complaint, as though the same were fully set forth at length herein.

65.     Plaintiff Duane Sudler believes and therefore avers that Defendants Celauro,

Blickley, Woelkers, and/or Defendants Bensalem John Does stood idly by while the Plaintiff was

subjected to excessive force by Defendants Celauro, Blickley, Woelkers, and/or Defendants

Bensalem John Does, which deprived the Plaintiff of his constitutional rights and privileges

under the Constitution of the United States and laws of the United States.

66.     Plaintiff Duane Sudler believes and therefore avers that Defendants Celauro,

Blickley, Woelkers, and/or Defendants Bensalem John Does encouraged and failed to prevent

the assault and battery of the Plaintiff, which deprived Plaintiff of his rights under the Fourth and

Fourteenth Amendments of the Constitution of the United States and the laws of the United

States.

67.     As aforesaid, Defendants Celauro, Blickley, Woelkers, and/or Defendants

Bensalem John Does failed to fulfill his obligation to intervene when he had an independent and

affirmative duty to prevent the assault and battery and excessive use of force against Plaintiff

Duane Sudler.

68.     By encouraging and failing to intervene, Defendants Celauro, Blickley, Woelkers, and/or Defendants Bensalem John Does effectively assisted Defendants Celauro, Blickley, Woelkers, and/or Defendants Bensalem John Does in the assault and battery and excessive use of force against Plaintiff Duane Sudler, and thereby deprived the Plaintiff of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the laws of the United States.

69.     As a result of the intentional actions/inactions of Defendants Celauro, Blickley, Woelkers, and/or Defendants Bensalem John Does, Plaintiff has been forced to expend and will continue to expend, large sums of money to care for his injuries, which expenses will continue indefinitely into the future.

70.     As a result of the intentional actions/inactions of Defendants Celauro, Blickley, Woelkers, and/or Defendants Bensalem John Does, the Plaintiff has suffered a severe loss of his earnings and impairment of his earning capacity and power, all of which may continue indefinitely into the future.

71.     As a result of the intentional actions/inactions of Defendants Celauro, Blickley, Woelkers, and/or Defendants Bensalem John Does, the Plaintiff has suffered permanent nerve damage.

72.      As a result of the intentional actions/inactions of Defendants Celauro, Blickley, Woelkers, and/or Defendants Bensalem John Does, the Plaintiff has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

73.     As a result of the intentional actions/inactions of Defendants Celauro, Blickley, Woelkers, and/or Defendants Bensalem John Does, the Plaintiff has suffered a diminution in his ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

74.     As described herein, Defendants' acts or omissions were in willful, malicious wanton, reckless and/or callous disregard of Plaintiff's  rights, thereby entitling Plaintiff to punitive damages.

## COUNT III

### VIOLATION OF 42 U.S.C.A. SECTION 1983, U.S. CONSTITUTION - THE FOURTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION FALSE ARREST AND FALSE IMPRISONMENT

**Plaintiff Duane Sudler v. All Defendants, Individually And In Their Official Capacities**

75.     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as though the same were fully set forth at length herein.

76.     The acts of Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli, and Campellone, by and through Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, as set-forth at length above, constitute false arrest and imprisonment of the Plaintiff, Duane Sudler, without probable cause, without privilege and against Plaintiff's will, which deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the laws of the United States

77.     As a result of the intentional actions of All Defendants, the Plaintiff has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

78.     As described herein, Defendants' acts or omissions were in willful, malicious

wanton, reckless and/or callous disregard of Plaintiff's rights, thereby entitling Plaintiff to

punitive damages.

**COUNT IV**

**VIOLATION OF 42 U.S.C.A. SECTION 1983, U.S. CONSTITUTION - THE
FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION
MONELL CLAIM**

**Plaintiff Duane Sudler v. All Defendants, Individually And In Their Official Capacities**

79.     Plaintiff hereby incorporates by reference the preceding paragraphs of this

Complaint, as though the same were fully set forth at length herein.

80.     At all times material hereto, Plaintiff Duane Sudler possessed a liberty interest in

his bodily integrity which was, and is, protected by the Fourteenth Amendment to the

Constitution of the United States, including but not limited to the right to be free from extreme,

unwarranted, and unnecessary use of excessive force.  As a result of the actions and/or inactions

of Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli,

and Campellone, by maintaining a policy and practice of  failing to inform and/or train their

employees, agents, workmen, servants and/or contractors, including but not limited to

Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, as set-forth at length

above, Plaintiff's rights pursuant to the Fourteenth  Amendment to the United States

Constitution, as secured by 42 U.S.C. Section 1983, were violated.

81.     Defendants Bensalem Township, Bensalem Township Police Department, Harran,

Ponticelli, and Campellone acted in willful disregard for, or deliberate indifference to, the safety

of Plaintiff**.**

82.     Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli, and Campellone knew that its officers, employees and agents, including but not limited to Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, would confront similar situations as set-forth at length above, that a history of such employees mishandling of such situations exists, and these wrong choices by said officers, employees, and agents, frequently cause deprivation of constitutional rights.

83.     Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli, and Campellone did nothing on an on-going basis to ensure that their officers complied with department, local, state, and federal rules and regulations, particularly those related to use of force and use of deadly force.

84.     Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli, and Campellone, by formulating, and/or acquiescing in the longstanding policies, customs or practices, as set-forth at length above, acted with deliberate or reckless indifference, callous disregard, or in such arbitrary manner so as to shock the conscience.

85.     Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli, and Campellone, violated Plaintiff's rights by failing to train, supervise and discipline its officers, including but not limited to Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, individually, and in their capacity as police officers, in the proper methods for dealing constitutionally with the proper use of force.

86.     Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli, and Campellone, by and through their employees, agents, workmen, servants and/or contractors, have a history of improper use of force and deadly force, resulting in the deprivation

of constitutional rights of citizens similarly situated as to Plaintiff within the meaning of 42 U.S.C. §1983.

87.     Prior to the date of the incident involving Plaintiff, Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli, and Campellone permitted, tolerated, ratified, overlooked and/or approved the constitutional violations of citizens by officers of its police department who were not properly trained, disciplined and/or supervised to appropriately interact with citizens without causing the deprivation of constitutional rights.

88.     Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli, and Campellone are responsible for the promulgation, adoption and implementation of official policies for its officers and police officers in general, including but not limited to Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, to appropriately interact with individuals without causing the deprivation of constitutional rights.

89.     Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli, and Campellone have encouraged, tolerated, ratified, and been deliberately indifferent to the following patterns, practices and customs, and to the need for more, different and adequate training, supervision, investigation or discipline in the areas, including but not limited to:

    a.    The proper exercise of police powers, including but not limited to the improper use of handcuffs constituting an excessive use of force;

    b.    The failure to identify, investigate, and take remedial and/or disciplinary action and/or measures against police officers who were the subject of prior complaints of excessive force;

    c.    The failure of police officers to follow established policies, procedures, directives, and instructions regarding the use of force and other police powers under such circumstances as in the present case;

    d.    The failure to properly sanction or discipline officers, agents, employees who are aware of and/or conceal and/or aid and/or abet violations of constitution rights of individuals by police officers, thereby causing and encouraging police officers,

including Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, to violate the rights of citizens such as Plaintiff;

e.      the practiced disregard of policies and procedures described *supra* in place to protect citizens from Constitutional violations, civil rights violations and due process violations.

90.     As a result of the actions/inactions of Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli, and Campellone, by and through Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, Plaintiff Duane Sudler has suffered severe and permanent injuries as set-forth *supra.*

91.     As a result of the actions/inactions of Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli, and Campellone, by and through Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, Plaintiff Duane Sudler has suffered and continues to suffer severe and agonizing pain, which will continue throughout his lifetime.

92.     As a result of the actions/inactions of Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli, and Campellone, by and through Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, Plaintiff Duane Sudler has been forced to expend, and will continue to expend, large sums of money to care for his injuries, which expenses will continue indefinitely into the future.

93.     As a further result of the actions/inactions of Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli, and Campellone, by and through Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, Plaintiff Duane Sudler has suffered a severe loss of his earnings and impairment of his earning capacity and power, all of which may continue indefinitely into the future.

94.     As a further result of the actions/inactions of Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli, and Campellone, by and through

Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, Plaintiff Duane Sudler has suffered permanent nerve damage.

95.     As a further result of the actions of Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli, and Campellone, by and through Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, Plaintiff Duane Sudler has suffered severe physical pain and trauma, mental upset and anguish and humiliation, and may continue to suffer the same for an indefinite time into the future.

96.     As a further result of the actions/inactions of Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli, and Campellone, by and through Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, Plaintiff Duane Sudler has suffered a diminution in his ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

97.     The actions/inactions of Defendants Bensalem Township, Bensalem Township Police Department, Harran, Ponticelli, and Campellone, by and through Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, under the color of state law, as more fully described herein above, deprived Plaintiff of his liberty interest in his bodily integrity in violation of Plaintiff's rights pursuant to the Fourteenth Amendments to the United States Constitution, as secured by 42 U.S.C., Section 1983.

98.     As described herein, Defendants' acts or omissions were in willful, malicious wanton, reckless and/or callous disregard of Plaintiff's rights, thereby entitling Plaintiff Duane Sudler to punitive damages.

## COUNT V

### ASSAULT, BATTERY, AND INTENTIONAL
### INFLICTION OF EMOTIONAL DISTRESS UNDER PENNSYLVANIA LAW

**Plaintiff Duane Sudler v. Defendants Celauro, Blickley, Woelkers, And/Or Bensalem John Does, Individually And In Their Official Capacity**

99.     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as though the same were fully set forth at length herein.

100.     The acts of Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, in their individual capacities, as set-forth at length above, constitute assault, battery, and intentional infliction of emotional distress, pursuant to the laws of the Commonwealth of Pennsylvania.

101.     Such assault, battery and intentional infliction of emotional distress were caused by Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does' willful disregard and/or reckless indifference to the safety of Plaintiff, as described *supra,* by taking a course of conduct that included, but was not limited to, the following:

a.     the improper and intentional misuse of handcuffs constituting the utilization of excessive force;

b.     improper documentation and reporting with regard to the use of excessive force;

c.     covering-up or attempting to hide and/or seclude the fact that excessive force was used upon an individual;

d.     the use of force upon an individual who was not an immediate threat;

e.     utilizing excessive force through malice;

f.     utilizing unwise, excessive zeal, constituting an abuse of official power.

g.     failing to abide by proper training with regard to the use of force;

102.    As a result of the intentional actions of Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, Plaintiff has suffered severe and permanent injuries as set-forth above.

103.    As a result of the intentional actions of Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, Plaintiff has suffered and continues to suffer severe and agonizing pain, which will continue throughout his lifetime.

104.    As a result of the intentional actions of Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, Plaintiff has been forced to expend and will continue to expend, large sums of money to care for his injuries, which expenses will continue indefinitely into the future.

105.    As a result of the intentional actions of Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, the Plaintiff has suffered a severe loss of his earnings and impairment of his earning capacity and power, all of which may continue indefinitely into the future.

106.    As a result of the intentional actions of Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, the Plaintiff has suffered permanent nerve damage.

107.    As a result of the intentional actions of Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, the Plaintiff has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

108.    As a result of the intentional actions of Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, the Plaintiff has suffered a diminution in his ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

109.     As described herein, Defendants' acts or omissions were in willful, malicious wanton, reckless and/or callous disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

## COUNT VI

### FALSE ARREST AND FALSE IMPRISONMENT
### UNDER PENNSYLVANIA LAW

**Plaintiff Duane Sudler v. Defendants Celauro, Blickley, Woelkers, And/Or Bensalem John Does, Individually And In Their Official Capacity**

110.     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as though each were set forth at length herein.

111.     The acts of Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, in their individual capacities, as set-forth at length above, constitute false arrest and imprisonment of the Plaintiff, Duane Sudler, without probable cause, without privilege and against Plaintiff's will.

112.      As a result of the intentional actions of Defendants Celauro, Blickley, Woelkers, and/or Bensalem John Does, the Plaintiff has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

113.     As described herein, Defendants' acts or omissions were in willful, malicious wanton, reckless and/or callous disregard of Plaintiff's  rights, thereby entitling Plaintiff to punitive damages.

### JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial in this matter.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff Duane Sudler respectfully prays that this Court award the following relief:

a.   Exercise jurisdiction over this matter;

b.   Award Plaintiff damages, with statutory interest, that are necessary and proper to compensate him for his injuries and damages;

c.   Award Plaintiff punitive damages;

d.   Declare unconstitutional and unlawful Defendants' violations of Plaintiff's rights;

e.   Award Plaintiff his reasonable attorney fees and costs; and

f.   Grant such other relief as the Court deems just, proper and equitable; all of which is in excess of $150,000.00.

Respectfully submitted,

 s/   EAP2098
Edith A. Pearce, Esquire
Attorney for Plaintiff
The Pearce Law Firm, P.C.
1429 Walnut Street, 14th Floor
Philadelphia, PA   19102
(215) 557-8686